Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
**THIERMAN BUCK**
325 West Liberty Street
Reno, Nevada 89501
Tel. (775) 284-1500
Fax. (775) 703-5027

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JULIE GALVEZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HILTON RESORTS CORPORATION; and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>1) Failure to Pay Wages for Rest Periods; and<br><br>2) Failure to Timely Pay All Wages Due and Owing in Violation of Nevada law.<br><br>**LIEN REQUESTED PURSUANT TO NRS 608.050**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff JULIE GALVEZ, on behalf of herself and all others similarly situated and alleges the following:

All allegations in the Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and her counsel. Each allegation in the Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the state law claims alleged herein pursuant to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2), because (i) the aggregate amount in controversy for the state law class claims exceeds $5,000,000, (ii) there are more than 100 state law class members, and (iii) at least one state law class member is diverse from Defendant.

2. A party seeking to recover unpaid wages has a private right of action pursuant to the Nevada Constitution, Article 15 Section 16, and Nevada Revised Statute ("NRS") sections 608.140, 608.018, and 608.020-.050. *See Neville v. Eighth Judicial Dist., Terrible Herbst, Inc.*, 133 Nev. Adv. Op. 95 (Dec. 7, 2017), 406 P.3d 499 (2017); *HG Staffing, LLC, et al. v. Second Judicial District Court,* Nevada Supreme Court Case No. 79118 (May 7, 2020) ("In *Neville v. Eighth Judicial District Court*, 133 Nev. 77, 406 P.3d 499 (2017), we held, by necessary implication, the exhaustion of administrative remedies is not required before filing an unpaid-wage claim in district court."). Plaintiff has made a proper demand for wages due pursuant to NRS 608.140.

3. Plaintiff also claims a private cause of action to foreclose a lien against the property owner for wages due pursuant to NRS 608.050.

4. Venue is proper in this Court because one or more of the Defendants named herein maintains a principal place of business or otherwise is found in this judicial district and many of the acts complained of herein occurred in Clark County, Nevada.

## PARTIES

5. Plaintiff JULIE GALVEZ (hereinafter "Plaintiff" or "GALVEZ") is a natural person who is and was a resident of the State of Nevada and was employed by Defendant Hilton Resorts Corporation, as a non-exempt employee from on or about July 2023 to on or about April 2024.

6. Defendant HILTON RESORTS CORPORATION is a foreign corporation that conducts business in the state of Nevada and is an employer under NRS 608.011. Defendant's principal place of business is located at 5323 Millenia Lakes Boulevard, Suite 400, Orlando, Florida and its agent of service in the state of Nevada is the Corporation Service Company located at 112 North Curry Street, Carson City, Nevada 89703.

7. Upon information and belief, Defendant HILTON RESORTS CORPORATION does business as Hilton Grand Vacations ("HGV"). Accordingly, Defendant HILTON RESORTS CORPORATION is referred to hereinafter as either "Defendant" and/or "HGV".

8. The Defendant named herein is the employer of the Plaintiff and all Nevada Class Members alleged herein. The identity of DOES 1-50 is unknown at the time and the Complaint

will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each Defendant sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or "Hilton" herein shall mean "Defendants and each of them."

## FACTUAL ALLEGATIONS

9. Defendant is engaged in the vacation ownership industry and is a self-proclaimed "leader in the industry by developing and operating a distinguished collection of upscale vacation ownership properties in prime locations in the United States, Europe and throughout the Asia Pacific region." See https://corporate.hgv.com/about-us/Overview/default.aspx (last visited Sept. 27, 2024).

10. Plaintiff Galvez was employed by Defendant as a commissioned timeshare salesperson at one of HGV's sales centers located in Las Vegas Nevada. Other than her initial time spent as an hourly paid trainee, Plaintiff was compensated on a commission only basis.

### HGV's Timeshare Salesperson Compensation Plan

11. HGV's Timeshare Salesperson Compensation Plan ("the Plan") compensates timeshare salespersons on a commission only basis. Attached hereto as Exhibit A is a true and correct copy of the Plan.

12. The Plan provided Plaintiff and all other similarly situated employees with a recoverable draw against future commissions:

> DRAW
>
> In each pay period, you'll receive compensation equal to or greater than the minimum wage compensation in accordance with state and federal laws. If compensation during a pay period is less than minimum wage, you'll receive a recoverable draw for that pay period against future compensation in the amount of the difference between minimum wage and the compensation earned.

13. Since the draw was fully recoverable, Plaintiff and all other similarly situated employees were, in fact, commission-only employees.

14. Employees who are paid on a commission-only basis are only compensated for their productive work. Therefore, by its very nature, a commission-only basis of compensation does not compensate employees for engaging in non-productive activities, such as periods of rest.

**HGV's Timeshare Salesperson Compensation Plan Does Not Compensate Employees For Rest Periods**

15. Rest periods are, by their very nature, non-productive. But under Nevada law, non-productive rest periods are to be counted as hours worked and paid accordingly. *See* NRS 6080.019 ("[R]est periods shall be counted as hours worked, for which there shall be no deduction from wages.").

16. Accordingly, rest periods must be separately compensated when employees are employed on a commission-only basis. *See, e.g.*, *See Vaquero v. Stoneledge Furniture LLC*, 9 Cal. App. 5th 98, 115–16, 214 Cal. Rptr. 3d 661, 674 (Ct. App. 2017), as modified (Mar. 20, 2017), review denied (June 21, 2017) (holding that California law requires that employees paid on a commission basis must be separately compensated for their rest breaks); *Barreras, et al. v. Wells Fargo Bank, N.A., et al.*, Case No. 2:17-cv-04344-PA-AS (Jan. 19, 2018) (same); *Ibarra v. Wells Fargo Bank, N.A.*, No. CV 17-4344 PA (ASx) (C.D. Cal. May 8, 2018) (same).

17. Under Nevada's wage laws, employees must be compensated for each hour worked at either the legal minimum wage or the contractual hourly wage rate (or its equivalent).

18. A commission-only compensation formula that does not compensate separately for rest periods does not comply with Nevada's wage laws.

19. Here, HGV's Timeshare Salesperson Compensation Plan only compensated Plaintiff and all other similarly situated employees for productive time spent selling timeshares. The Plan never separately compensated Plaintiff or any other similarly situated employee for the non-productive time of taking a legally mandated rest break. Accordingly, the Plan violates Nevada's wage laws.

**Plaintiff and all putative Class Members Are Owed Minimum, Regular, and/or Overtime Wages as a Result HGV's Failure to Pay for Rest Periods**

20. Nevada law requires that employers pay employees for rest periods according to the following schedule:

> Unless an employee is exempt pursuant to NRS 608.019, an employee that works at least 3 1/2 continuous hours is permitted:

  (a) One 10-minute rest period if the employee works at least 3 1/2 continuous hours and less than 7 continuous hours;
  (b) Two 10-minute rest periods if the employee works at least 7 continuous hours and less than 11 continuous hours;
  (c) Three 10-minute rest periods if the employee works at least 11 continuous hours and less than 15 continuous hours; or
  (d) Four 10-minute rest periods if the employee works at least 15 continuous hours and less than 19 continuous hours.

NAC 608.145.

21. Plaintiff regularly worked a schedule from approximately 8:00 a.m. to 5:00 p.m., five (5) to six (6) days a calendar week.[1] Accordingly, Plaintiff worked approximately 9 hours per work shift.

22. Based on NAC 608.145, Plaintiff was supposed to receive two (2) 10-minute paid rest periods pursuant to her regular schedule.

23. As set forth above concerning HGV's Timeshare Salesperson Compensation Plan, Plaintiff never received paid rest breaks. Accordingly, Plaintiff is entitled to recover 20-minutes of additional compensation, at her regular rate of pay or the minimum wage rate, for every shift that she worked.

## CLASS ACTION ALLEGATIONS

24. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

25. Plaintiff brings this action on behalf of herself and all other similarly situated employees as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class and Subclass:

> A. The **Nevada Class** is defined as "All persons employed by Defendant who were subject to Defendant's Timeshare Salesperson Compensation Plan, and/or any substantially similar commission-only compensation plan, in the state of Nevada at any time within 3 years from the date of filing this action until judgment."

---

[1] Defendant required that Plaintiff and all other similarly situated employees record all their hours worked; accordingly, Defendant is in possession of the exact number of daily hours worked by Plaintiff and all members of the putative Class.

  B. The **Continuation Wage Subclass** is defined as "All Nevada Class Members who are former employees."

26. Class treatment is appropriate under Rule 23's class certification mechanism because:

  A. <u>The Class and Subclass are Sufficiently Numerous</u>: Upon information and belief, Defendant employs, and has employed, in excess of 100 Nevada Class and Continuation Wage Subclass Members within the applicable time period. Because Defendant is legally obligated to keep accurate payroll records, Plaintiff alleges that Defendant's records will establish the members of the Class and Subclass as well as their numerosity.

  B. <u>Plaintiff's Claims are Typical to Those of Fellow Class and Subclass Members</u>: Each Class and Subclass Member is and was subject to the same practices, plans, or policies as Plaintiff: (1) Whether Defendant's compensation plan deprived Plaintiff and all other similarly situated employees compensation for their legally mandated rest breaks; (2) Whether Plaintiff and members of the Continuation Wage Subclass are entitled to waiting time penalties for the failure to pay them minimum and/or regular rest period wages owed.

  C. <u>Common Questions of Law and Fact Exist</u>: Common questions of law and and fact exist and predominate as to Plaintiff and the Class and Subclass Members, including, without limitation: Whether Defendant's compensation plan complied with Nevada law with respect to paying wages for rest periods; and Whether Defendant failed to pay Plaintiff and the Continuation Wage Subclass Members all their wages due and owing in violation of NRS 608.020-050.

  D. <u>Plaintiff is an Adequate Representative of the Class and Subclass</u>: Plaintiff will fairly and adequately represent the interests of the Class and Subclass because Plaintiff is a member of both the Class and Subclass, she has issues of law and fact in common with all members of the Class and Subclass, and her interests are not antagonistic to Class and Subclass Members. Plaintiff and her counsel are aware of their fiduciary

responsibilities to Class and Subclass Members and are determined to discharge those duties diligently by vigorously seeking the maximum possible recovery for Class and Subclass Members.

E.  **Predominance/Superior Mechanism**: Class and Subclass claims predominate and a class action is superior to other available means for the fair and efficient adjudication of this controversy.  Each Class and Subclass Member has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or practice of failing to compensate its employees in accordance with Nevada wage and hour laws.  The prosecution of individual remedies by each Class and Subclass Member will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of Class and Subclass Members' rights and the disposition of their interest through actions to which they were not parties.

## FIRST CAUSE OF ACTION

**Failure to Pay Minimum and/or Regular Rate Wages for Rest Periods in Violation of Nevada Law**

**(On Behalf of Plaintiff and the Nevada Class Against Defendant)**

27. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

28. NRS 608.140 provides that an employee has a private right of action for unpaid wages: "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the Plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit."  Plaintiff has made a demand for unpaid wages upon Defendant pursuant to NRS 608.140, but satisfactory payment was not received.

29. NRS 608.016 states that "An employer shall pay to the employee wages for each hour the employee works." Hours worked means any time the employer exercises "control or custody" over an employee. *See* NRS 608.011 (defining an "employer" as "every person having control or custody . . . of any employee."). Pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee." NAC 608.115(1).

30. Article 15 Section 16 of the Nevada Constitution sets forth the minimum wage requirements in the State of Nevada and further provides that "[t]he provisions of this section may not be waived by agreement between an individual employee and an employer. . . . An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs."

31. NRS 608.250 provides the following minimum wage rates to be paid, without discount, to all Nevada employees:

(a) Beginning July 1, 2019:
   (1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $7.25 per hour worked.
   (2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.25 per hour worked.

(b) Beginning July 1, 2020:
   (1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.00 per hour worked.
   (2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.00 per hour worked.

(c) Beginning July 1, 2021:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $8.75 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.75 per hour worked.

(d) Beginning July 1, 2022:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.50 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $10.50 per hour worked.

(e) Beginning July 1, 2023:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $10.25 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $11.25 per hour worked.

(f) Beginning July 1, 2024:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada constitution, $11.00 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $12.00 per hour worked.

32. NRS 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate set forth in NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

33. NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate set forth in NRS 608.250 works more than 40 hours in any scheduled week of work.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

34. NRS 608.019(2), emphasis added, provides as follows:

> Every employer shall authorize and permit all his or her employees to take rest periods, which, insofar as practicable, shall be in the middle of each work period. The duration of the rest periods shall be based on the total hours worked daily at the rate of 10 minutes for each 4 hours or major fraction thereof. Rest periods need not be authorized however for employees whose total daily work time is less than 3 and one-half hours. **Authorized rest periods shall be counted as hours worked**, for which there shall be no deduction from wages.

35. At all relevant times, NRS 608.019(2) was applicable to Plaintiff and all putative Nevada Class Members.

36. Under Nevada law, employers that use a commission-only compensation system must compensate employees separately for their rest periods. NRS 608.019(2). A commission-only compensation system that does not separately compensate employees for rest periods does not comply with Nevada's wage laws. NRS 608.016; NAC 608.115.

37. Wherefore, Plaintiff demands for herself and for the Nevada Class Members payment by Defendant at the minimum, regular, and/or overtime rate of pay for rest break hours that were supposed to have been paid during the relevant time period together with attorneys' fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

**Continuation Wages Pursuant to Nevada Law**

**(On Behalf of Plaintiff and the Continuation Wage Subclass Against Defendant)**

38. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

39. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

40. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

41. NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

42. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefore; but the employee shall cease to draw such wages or salary 30 days after such default."

43. By failing to pay Plaintiff and the Continuation Wage Subclass Members their minimum and/or regular rest period wages in violation of state law, Defendant has failed to timely remit all wages due and owing to Plaintiff and the Continuation Wage Subclass Members.

44. Despite demand, Defendant willfully refuses and continues to refuse to pay Plaintiff and Continuation Wage Subclass Members all the wages that were due and owing upon the termination of their employment.

45. Wherefore, Plaintiff and the Continuation Wage Subclass Members demand thirty (30) days of pay as waiting penalties under NRS 608.040 and 608.140, and thirty (30) days of pay as waiting penalties under NRS 608.050 and 608.140, together with attorneys' fees, costs, interest, and punitive damages, as provided by law.

### **PRAYER FOR RELIEF**

Wherefore Plaintiff, by herself and on behalf of all Class and Subclass Members, pray for relief as follows relating to her class action allegations:

1. For an order certifying this action as a class action on behalf the proposed Class and Subclass and providing notice to all Class and Subclass Members so they may participate in this lawsuit;

2. For an order appointing Plaintiff as the Representative of the Class and Subclass and her counsel as Class Counsel;

3. For damages according to proof for minimum, regular rate, and/or overtime wages pursuant to the Nevada Constitution, NRS 608.250 *et. seq*, NRS 608.016, and/or NRS 608.018, as a result of failing to pay for rest periods pursuant to NRS 608.019;

4. For continuation wages pursuant to NRS 608.040-.050 and 608.140;

5. For a lien on the property where Plaintiff and all Class Members labored pursuant to NRS 608.050;

6. For interest as provided by law at the maximum legal rate;

7. For punitive damages;

8. For reasonable attorneys' fees authorized by statute;

9. For costs of suit incurred herein;

10. For pre-judgment and post-judgment interest, as provided by law; and

11. For such other and further relief as the Court may deem just and proper.

DATED: November 18, 2024                    Respectfully Submitted,

**THIERMAN BUCK**

*/s/Joshua D. Buck*
Joshua D. Buck
Leah L. Jones