Montgomery Y. Paek, Esq.
Nevada Bar No. 10176
Amy L. Thompson, Esq.
Nevada Bar No. 11907
Andrew S. Clark, Esq.
Nevada Bar No. 14854
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada 89169.5937
Telephone:    702.862.8800
Fax No.:      702.862.8811
mpaek@littler.com
athompson@littler.com
asclark@littler.com

Attorneys for Defendant
HILTON RESORTS CORPORATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JULIE GALVEZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>HILTON RESORTS CORPORATION; and DOES 1 through 50, inclusive<br><br>Defendant | Case No. 2:24-cv-02147-CDS-BNW<br><br>**STIPULATION AND ORDER TO STAY PROCEEDINGS**<br><br>[THIRD REQUEST]<br><br>[ECF No. 19] |

Plaintiff Julie Galvez and Defendant Hilton Resorts Corporation hereby agree and stipulate and agree to stay all proceedings in this matter for 85 days, up to and including **December 10, 2025**, to allow the parties to participate in a private mediation in this matter. Since the parties' last request to stay proceedings, they have agreed to continue the mediation in this matter to December 10, 2025, to allow additional time to exchange extensive pay and time records for the putative class and collective before mediation. The requested stay would include all current deadlines, including the current deadline for Defendant to file a response to Plaintiff's First Amended Complaint (ECF No. 8) and the deadline for the Parties to file a Joint Discovery Plan and Scheduling Order.

The purpose of this stipulation is to promote judicial economy and permit this Court to effectively control the disposition of cases on its docket with economy of time and effort for itself, counsel, and the litigants. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the dispositions of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Pate v. DePay Orthopedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, *2 (D. Nev. Aug. 14, 2012) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.") (internal citations omitted). In evaluating whether to stay proceedings, the Court considers the competing interests of the parties and of the Court, including "'possible damage which may result in granting the stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could expected to result from a stay.'" *Coker v. Dowd*, No. 2:13-cv-0994-JCM-NJK, 2013 WL 12216682, *1 (D. Nev. Jul. 8, 2013) (granting joint motion to stay all proceedings pending mediation), quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

The Parties have scheduled a private mediation in this matter for December 10, 2025, and are therefore actively exploring alternative dispute resolution to potentially resolve this litigation entirely. As this is a putative class action, such exploration is more complex and time consuming. The Parties believe that, through their efforts, they may be able to resolve the matter and avoid unnecessary litigation costs and the unnecessary use of judicial resources.

Based on the foregoing, the Parties agree that their interests are aligned in seeking to potentially resolve this matter entirely without expending unnecessary litigation costs and efforts, and that neither Plaintiff nor Defendant will be prejudiced by a stay of the proceedings. The Parties also agree that they will each suffer an avoidable hardship – time and money spent litigating – if the matter is required to proceed at this stage considering the Parties' agreement to explore a potential resolution. Lastly, the Parties respectfully submit that staying all proceedings will avoid expending judicial resources in the event that they simplify or entirely dispose of the issues in this

action. Accordingly, the Parties agree and stipulate that good cause exists to stay all proceedings as requested herein.

The Parties will file a joint status report informing the Court of the outcome of their efforts to resolve Plaintiff's claims within fourteen (14) days of the expiration of this stay:

1. Should the Parties reach a settlement of all claims, the Parties will update the Court as to the tentative resolution and set forth a proposed briefing schedule for settlement approval; or

2. Should the Parties be unsuccessful at resolving all claims, the Parties shall inform the Court which, if any, claims were not resolved and propose a scheduling order for the matter to proceed, including for Defendant's response to the Plaintiff's First Amended Complaint, issuance of a putative class list, and notification to the putative collective.

This stipulation is submitted in good faith to allow the parties to potentially resolve the matter entirely and is not for the purpose of causing any undue delay. This is the third request to stay this case.

Dated: September 12, 2025

Respectfully submitted,

/s/ Leah L. Jones
Joshua D. Buck, Esq.
Leah L. Jones, Esq.
THIERMAN BUCK

Attorneys for Plaintiff
JULIE GALVEZ

Dated: September 12, 2025

Respectfully submitted,

/s/ Andrew S. Clark
Montgomery Y. Paek, Esq.
Amy L. Thompson, Esq.
Andrew S. Clark, Esq.
LITTLER MENDELSON, P.C.

Attorney for Defendant
HILTON RESORTS CORPORATION

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

Dated: September 12, 2025

4925-8350-9864.1 / 116024.1028