UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Julie Galvez, on behalf of herself and all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>Hilton Resorts Corporation,<br><br>Defendant | Case No. 2:24-cv-02147-CDS-BNW<br><br>Order (1) conditionally certifying settlement class; (2) preliminarily approving the class settlement; (3) appointing class representative and class counsel; (4) approving class notice and related materials; (5) appointment settlement administrator; and (6) scheduling final approval hearing<br><br>[ECF No. 33] |

Having considered the joint motion submitted by plaintiff, Julie Galvez, and defendant, Hilton Resorts Corporation, for preliminary approval of class and collective action settlement, and all supporting legal authorities and documents, the court grants the motion [ECF No. 33] and hereby orders as follows:

1.      The court has jurisdiction over this action and the parties' proposed settlement under 28 U.S.C. §§ 1331 and 1367, as plaintiff's complaint was brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and related Nevada wage-and-hour law; the court has original jurisdiction over plaintiff's federal law claims; and the court has supplemental jurisdiction over plaintiff's state-law claims because they arise from the same alleged transactions and occurrences as do plaintiff's federal-law claims.

2.      The proposed settlement class satisfies the requirements of a class action settlement class under Fed. R. Civ. P. 23 and a collective action settlement class under section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), because the class members are readily ascertainable, and a well-defined community of interest exists in the common questions of law and fact affecting the parties.

3.      The following classes of persons are certified in this action solely for the purposes of the parties' settlement ("the Settlement"):

All persons employed by Defendant who were subject to Defendant's Timeshare Salesperson Compensation Plan, and/or any substantially similar commission-only compensation plan, at any time within 3 years from the date of filing this action until the date of final court approval of the Settlement, currently set for September 3, 2026. (The "FLSA Collective").

All persons employed by Defendant who were subject to Defendant's Timeshare Salesperson Compensation Plan, and/or any substantially similar commission-only compensation plan, in the state of Nevada at any time within 3 years from the date of filing this action until final court approval, which is currently set for September 3, 2026. (The "Nevada Class").

All Nevada Class Members who are former employees and who were separate from employment within 2 years from the date of filing this action until final court approval, currently set for September 3, 2026. (The "Continuation Wage Subclass").

4.      The Settlement is granted preliminary approval as it meets the appropriate criteria for preliminary settlement approval. The Settlement falls within the range of possible approval as fair, adequate, and reasonable to all potential members of the Settlement Class when balanced against the probable outcome of further litigation, and ultimately relating to liability and damages issues, and appears to be the product of arm's length and informed negotiations.

5.      The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all class members whose identities are known to the parties, and such notice is the best notice practicable. The parties' proposed (i) Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval, and (ii) proposed Claim Form (Exs. A and B) (the "Class Notice Packets") are sufficient to inform Class members about the terms of the Settlement, their rights under the Settlement, their rights to object to the Settlement, their right to receive a proportionate Settlement Share or opt-out and not to participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing, so they are hereby approved.

6. Any member of the Class who submits a timely Claim Form and Consent to Join Settlement Form within forty-five days after the date the Settlement Administrator mails the Notice Packet will receive a Settlement Share.

7. Those members of the Class who wish to comment on, object to, or opt-out of the Settlement have until forty-five days **after** the mailing of the Class Notice Packet to submit their comments, objection or opt-out notice pursuant to the procedures set forth in the Class Notice.

8. Rust Consulting is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement.

9. Plaintiff Julie Galvez is appointed as Class Representative, and the Court preliminarily approves a Class Representative Payment in the amount of $15,000.00 to Plaintiff Galvez.

10. Joshua Buck and Leah L. Jones of Thierman Buck are appointed Class Counsel, and the court preliminarily approves their attorney's fees request of no more than $433,333.33 and litigation costs not to exceed $15,000.00.

11. The Class Notice Packet will be disseminated according to the notice plan described in the Settlement Agreement and substantially in the form submitted by the Parties. Proof of distribution of notice will be filed by the parties at or prior to the final approval hearing.

12. The defendant is directed to provide the Settlement Administrator as soon as possible, using best efforts, and in no event later than ten business days after the date of this order, the Class Data as specified by the Settlement Agreement and Plaintiff's Class Counsel must provide to the Settlement Administrator any and all information regarding current addresses of class members.

13. The Settlement Administrator is also directed to mail the approved Class Notice Packet by first-class mail to members of the respective classes as soon as possible using best efforts, with the intent of issuing the Class Notice Packet to every Class Member by June 10, 2026, such that all claims must be filed by July 25, 2026.

14.    As stated in the parties' joint motion, this action is a Rule 23 class action subject to the notice requirements of the Class Action Fairness Act (CAFA), 28 U.S.C. § 1715(b). Within ten business days of the parties' filing of the joint motion, the defendant and/or the Settlement Administrator served upon the appropriate State official of each State in which a class member resides, and the appropriate Federal official, a notice of the Settlement consistent with the requirements enumerated in 28 U.S.C. § 1715(b)(1)–(8). The court may not issue an order granting final approval of the Settlement earlier than ninety days after service of the notice of Settlement upon the appropriate State and Federal officials.

15.    Thus, a final hearing will be held in this department on September 3, 2026, at 10:30 a.m., to determine: (1) whether the proposed Settlement is fair, reasonable, and adequate and should be finally approved by the Court; (2) the amount of attorney's fees and litigation costs to award to Class Counsel; (3) the amount to be paid to the Claims Administrator; and (4) the amount of the Incentive Payments for the Class Representative. The court will hear all evidence and argument necessary to evaluate the Settlement and Class Members and their counsel may support, oppose, or comment upon the Settlement if they so desire, as set forth in the Class Notice.

16.    Any Class Member may appear at the final approval hearing in person or by his or her own attorney and show cause why the court should not approve the Settlement or object to the award of the Class Representative Payment or the Class Counsel Fees and Costs. For any comments or objections to be considered at the hearing, the Class Member must file written objections and/or comments with the Clerk of Court setting forth the nature of his/her comments, support or objection, and serve the same on counsel for the parties not later than forty-five calendar days after the Settlement Administrator mails the Class Notice Packets.

17.    If no objections or comments are made regarding the Settlement, the parties may apply to the Court to expedite the date of the final approval hearing. The court reserves the right to continue the date of the final approval hearing without further notice to Class Members. The court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

18.     All papers filed in support of final approval of the settlement, and response to any objections, must be filed no later than August 27, 2026.

Dated: May 12, 2026

_____
Cristina D. Silva
United States District Judge