UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Julie Galvez, on behalf of herself and others similarly situated,<br>Plaintiff<br>v.<br>Hilton Resorts Corporation,<br>Defendant | Case No. 2:24-cv-02147-CDS-BNW<br>**Order (1) Confirming Certification of Class Action and Collective Action, (2) Granting Final Approval of Class and Collective Action Settlement, and (3) Entering Final Judgment**<br>[ECF No. 36] |

On September 3, 2026, the court held a hearing regarding the joint motion for final approval of class and collective action settlement (the "Settlement"). ECF No. 37. Joshua Buck, Esq. of Thierman Buck appeared for the plaintiff, and Montgomery Y. Paek, Esq. and Andrew S. Clark, Esq. of Littler Mendelson, P.C. appeared for the defendant. After representations of counsel, the court found the settlement is fair, reasonable, and adequate but allowed the parties to submit, on or before September 17, 2026, a supplemental Claims Administrator declaration setting forth all the final numbers for Class Member participation. *Id.* Accordingly, the parties filed the updated Claims Administrator declaration. *See* ECF No. 38.

The parties submitted their Settlement, which this Court preliminarily approved on May 12, 2026. ECF No. 34 (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members were given notice of the terms of the Settlement and an opportunity to comment. Class Members have also been provided with a Claim Form.

Having received and considered the Settlement, the supporting papers filed by the parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order, and at the final approval hearing, the Court grants the joint motion for final approval of the Settlement, enters this Final Approval Order, and HEREBY FINDS and ORDERS the following:

1. The Court has jurisdiction over this action and the parties' Settlement under 28 U.S.C. §§ 1331 and 1367, as plaintiff's complaint was brought under the Fair Labor Standards Act, 29

U.S.C. § 201 *et seq.* and related Nevada wage-and-hour law; the Court has original jurisdiction over the plaintiff's federal law claims; and the Court has supplemental jurisdiction over the plaintiff's state-law claims because they arise from the same alleged transactions and occurrences as do the plaintiff's federal-law claims.

2. Pursuant to this Court's Preliminary Approval Order, a Class Notice Packet consisting of a (i) Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval; and (ii) Claim Form was sent to each Class Member by first-class mail. These papers informed Class Members of the terms of the Settlement, their right to receive a proportionate Settlement Share, their right to object to the Settlement or to opt-out of the Settlement, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

3. The Court finds and determines that this notice procedure afforded adequate due process protections to all Class Members and provides a basis for the Court to make an informed decision regarding approval of the Settlement based on responses from the Class Members. The notice provided in this case was the best notice practicable, and satisfied the requirements of law and due process.

4. Zero Class Members filed written objections to the proposed Settlement as part of this notice process or stated an intent to appear at the final approval hearing. Zero Class Members filed written comments to the proposed Settlement. And no Class Members appeared at the September 3, 2026 hearing on the joint motion for final approval of settlement.

5. For the reasons stated in the Preliminary Approval Order, this Court finds and determines that the Class, as defined in the definitions section of the Settlement, meets all of the legal requirements for certification as a class action under Fed. R. Civ. P. 23 and as a collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b), and it is hereby ordered that the Class is finally certified as a class and collective for purposes of Settlement of this action.

6. The Court confirms the appointment of named plaintiff, Julie Galvez, as Class Representative and approves a Class Representative Payment in the amount of $15,000.00 to named plaintiff Julie Galvez.

7. The Court confirms the appointment of Thierman Buck as Class Counsel for the Settlement Class and approves their requests for attorneys' fees in the amount of $433,333.33 and costs in the amount of $9,984.03

8. The Court grants final approval to this Settlement under Fed. R. Civ. P. 23(e) and finds that the Settlement is fair, reasonable, and adequate in all respects, including the attorneys' fees, costs, and Incentive Payment provisions. The Court specifically finds that the Settlement confers a substantial benefit to Settlement Class Members, considering the strength of Plaintiff's claims and Defendant's defenses, and the risk, expense, complexity, and potential duration of further litigation. The response of the Class also supports Settlement approval. As noted, zero Class Members objected to the Settlement and no Class Member requested exclusion from the Settlement. The Court further finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of both sides, which supports approval of the Settlement in accordance with the standards set forth in the joint motion for final approval of settlement.

9. The Court finds that, as of the date of this order, each and every Class Member has waived and released claims as set forth in the Settlement Agreement and Notice of Class Action Settlement and that the Class Members who have not opted out will be bound by the Settlement.

10. The Court also finds that Rust Consulting is entitled to $30,000.00 for administrative fees.

11. The Court directs the parties to effectuate the Settlement terms as set forth in the Settlement Agreement and the Claims Administrator to calculate and pay the claims of the Class Members in accordance with the terms set forth in the Settlement Agreement.

12. Nothing in this order precludes either party from taking any action to enforce the parties' obligations under the Settlement or under this order, including the defendant's obligation to make all payments in accordance with the Settlement.

13. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

14. If, for any reason, the Settlement ultimately does not become Final (as defined by the Settlement), this Final Approval Order will be vacated; the parties will return to their respective positions in this action as those positions existed immediately before the parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the parties or used as evidence against, or over the objection of, any of the parties for any purpose in this action or in any other action.

15. By entering this order granting the joint motion for final approval of settlement, this enters final judgment in this action as defined in Rule 58(a)(1) of the Federal Rules of Civil Procedure.

16. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

17. The parties are hereby ordered to comply with the terms of the Settlement.

18. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except for the Class Counsel Fees Payment and Class Counsel Litigation Expenses Payment as provided by the Settlement and approved by the Court in this order.

The Clerk of Court is kindly instructed to close this case.

Dated: September 17, 2026

Cristina D. Silva
United States District Judge